1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  DAVID PERRYMAN,                              No. 2:15-cv-0018 DAD P
12                 Plaintiff,
13        v.                                     ORDER
14  DUFFY, Warden,
15                 Defendant.
16
17         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42
18  U.S.C. § 1983 together with a request for leave to proceed in forma pauperis pursuant to 28
19  U.S.C. § 1915.  However, the certificate portion of the request which must be completed by
20  plaintiff's institution of incarceration has not been filled out.  Also, plaintiff has not filed a
21  certified copy of his prison trust account statement for the six month period immediately
22  preceding the filing of the complaint.  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be provided the
23  opportunity to submit a completed in forma pauperis application and a certified copy in support of
24  his application.
25         In addition, plaintiff has requested appointment of counsel.  The United States Supreme
26  Court has ruled that district courts lack authority to require counsel to represent indigent prisoners
27  in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain
28  exceptional circumstances, the district court may request the voluntary assistance of counsel

1

pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances at this time.

      In accordance with the above, IT IS HEREBY ORDERED that:

      1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

      2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

      3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint.  Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice; and

      4. Plaintiff's January 5, 2015 motion for the appointment of counsel (ECF No. 6) is denied.

Dated:  January 14, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10/mp
perr0018.3c+new+31