UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN, | No. 2:15-cv-0018 DAD P |
| Plaintiff, | |
| v. | ORDER |
| DUFFY, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with an action filed pursuant to 42 U.S.C. § 1983. By order filed January 26, 2015, plaintiff's complaint was dismissed with leave granted to file an amended complaint. Plaintiff has filed a first amended complaint. ("FAC," ECF No. 18.) Also pending before the court are plaintiff's request to proceed in forma pauperis, motion for appointment of counsel, and motion for a temporary restraining order, each of which is addressed in turn below.

I. <u>Request to proceed in forma pauperis</u>

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  In

2

reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the instant case, plaintiff alleges that defendants are violating his civil rights by failing to provide an adequate law library at California Health Care Facility ("CHCF") in Stockton, California, where plaintiff is currently incarcerated. According to plaintiff, the CHCF law library does not contain certain books that are required, under California prison regulations, to be made available to inmates. (FAC, ECF No. 18 at 13, citing Cal. Code Regs. tit. 15, § 3124.) Plaintiff also complains that the CHCF law library computer does not function properly because it does not allow users to search for cases published in the Federal Supplement or the Federal Reporter, and also fails to include certain, unspecified case decisions for which plaintiff has searched. (Id. at 14.)

Prisoners do not have a "freestanding right" under the U.S. Constitution to a law library or to legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). Law libraries and legal assistance programs are a means of ensuring that a prisoner's right of access to the courts under the First and Fourteenth Amendments is preserved. Id. The accessibility or adequacy of a law library is therefore of constitutional concern only when it thwarts prisoners from exercising their right to access the courts for the purpose of seeking redress for "claimed violations of fundamental constitutional rights." Id. (quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). In order to state a cognizable claim, then, prisoners must demonstrate that they suffered "actual injury" because of deficiencies in law library access or materials, "such as the inability to meet a filing deadline or to present a claim" in a direct appeal, habeas petition, or a Section 1983 action. Id. at 355.

Here, plaintiff has failed to specify any "actual injury" that he suffered due to the CHCF law library's allegedly-inadequate materials. The FAC identifies various ongoing cases that plaintiff is pursuing in the federal courts, and describes several potential legal actions which plaintiff intends to file in the future. But the FAC lacks a specific allegation that plaintiff was prevented from presenting and pursuing a non-frivolous constitutional claim in any of these

actions due to the alleged inadequacies in the prison law library.  Plaintiff's repeated conclusory allegations that he "cannot adequately prepap [*sic*] [his] cases on habeas corpus" and "can no longer continue with [his] appeals" without the volumes in question (ECF No. 18 at 15-19) are insufficient to state a claim for relief.  Plaintiff must specifically allege how the omissions he describes have hindered his ability to prosecute his actions.  According to the Supreme Court:

> [T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.  Because it appears that plaintiff is complaining generally about the inadequacy of the CHCF law library, rather than specific harms he has suffered due to the alleged inadequacies, he has presented an insufficient basis for an access to the courts claim under § 1983.  Lewis, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.").

Finally, despite plaintiff's invocation of California Code of Regulations title 15, § 3124, it is well-settled that § 1983 does not provide an avenue for enforcing provisions of state law.  To state a cognizable claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the **United States** . . . ."  West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (quoting Lovell v. Poway Unified School Dist., 90 F.3d 367, 370 (9th Cir. 1996)).

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a short and plain statement as required by

Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2), the amended complaint must be dismissed. In the interests of justice, the court will, however, grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he must allege therein facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Any second amended complaint plaintiff may elect to file must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in any second amended complaint plaintiff may elect to file, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

/////

/////

III. Motion for Appointment of Counsel

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court does not find the required exceptional circumstances to justify appointment of counsel.

IV. Motion for Temporary Restraining Order

Plaintiff also moves for a temporary restraining order[1] requiring CHCF officials to (i) ensure that missing books are included in the prison law library and to repair the law library computer, (ii) provide plaintiff access to the prison law library three times per week, and (iii) answer plaintiff's prison grievances in this matter.

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party only if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A).

---

[1] Plaintiff frames his motion as one for a "temporary injunction," rather than a "temporary restraining order." Plaintiff appears to be conflating a preliminary injunction (as provided for under Federal Rule of Civil Procedure 65(a)) with a temporary restraining order (as provided for under Federal Rule of Civil Procedure 65(b)). Because a preliminary injunction may issue only upon notice to the adverse party, Federal Rule of Civil Procedure 65(a), the court interprets plaintiff's motion as one for a temporary restraining order pursuant to Rule 65(b).

1  Local Rule 231(a) states that "[e]xcept in the most extraordinary of circumstances, no temporary
2  restraining order shall be granted in the absence of actual notice to affected party and/or
3  counsel[.]"  In the absence of such extraordinary circumstances, the court construes a motion for
4  temporary restraining order as a motion for preliminary injunction.  See, e.g., Aiello v. One West
5  Bank, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092, at *1-2 (E.D. Cal. Jan. 29, 2010).
6         A preliminary injunction should not issue unless necessary to prevent threatened injury
7  that would impair the court's ability to grant effective relief in a pending action.  "A preliminary
8  injunction . . . is not a preliminary adjudication on the merits but rather a device for preserving the
9  status quo and preventing the irreparable loss of rights before judgment."  Sierra On-Line, Inc. v.
10 Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  A preliminary injunction represents
11 the exercise of a far-reaching power not to be indulged except in a case clearly warranting it.
12 Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard
13 for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the
14 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
15 balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,
16 Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council,
17 Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted)).  In cases brought by prisoners involving
18 conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no
19 further than necessary to correct the harm the court finds requires preliminary relief, and be the
20 least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
21        A plaintiff cannot, as a general matter, obtain injunctive relief against non-parties.
22 "Unrelated claims against different defendants belong in different suits[.]"  George v. Smith, 507
23 F.3d 605, 607 (7th Cir. 2007).  However, a federal court does have the power to issue orders in
24 aid of its own jurisdiction, 28 U.S.C. § 1651(a), and to prevent threatened injury that would
25 impair the court's ability to grant effective relief in a pending action.  Sierra On-Line, Inc., 739
26 F.2d at 1422; Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir. 1989).
27        For the reasons set forth below, it does not appear to the undersigned that the issuance of
28 preliminary injunctive relief is essential to preserve the status quo in this action.

Plaintiff's moving papers fail to demonstrate that he is likely to suffer irreparable harm if the claimed inadequacies in the CHCF law library are not immediately addressed.  Accordingly, a temporary restraining order compelling CHCF officials to immediately address the alleged inadequacies does not appear warranted at this time.

An order compelling prison authorities to grant plaintiff law library access three times per week appears similarly unwarranted.  The ability to conduct legal research serves as one means of ensuring the fundamental constitutional right of access to the courts. See Lewis, 518 U.S. at 350–51.  However, "the Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrs., 776 F.2d 851, 858 (9th Cir. 1985).

A prisoner who claims that his right of access to the courts has been blocked must show that (1) law library access was so limited as to be unreasonable and (2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot rely on conclusory declarations of injury to substantiate this kind of claim.  Instead, he must demonstrate that a non-frivolous legal right has been frustrated or impeded.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

Inspection of the court's docket reveals that Mr. Perryman is the named plaintiff in two other ongoing cases in the Eastern District of California: Perryman v. Duffy, No. 14-cv-2965-CMF and Perryman v. Duffy, No. 14-cv-2967-EFB.  Plaintiff's FAC also makes reference to a pending Ninth Circuit appeal in another case brought by plaintiff.  (ECF No. 18 at 4.)  Moreover, the FAC makes ample reference to discussions between plaintiff and one or more law librarians at CHCF regarding the allegedly-inadequate facilities of which plaintiff complains; these allegations demonstrate that plaintiff already has some level of law library access.  (ECF No. 18 at 8, 13-14.)  In other words, nothing before the court at this time indicates that plaintiff's right of access to the courts has been prejudiced by a lack of law library access.  Therefore, the requested temporary restraining order appears unwarranted.

/////

Finally, plaintiff moves for an order that would require prison officials to respond to the inmate grievances that he has filed with respect to the claims asserted in this action. In his FAC, plaintiff writes:

> I have submitted two grievance[s] on this matter. One on 10-8-2014 and on 11-2-2014, and I have not received an answer. I have tried all I can to get the prison to answer my grievances with no success. I cannot make them answer.

(ECF No. 18 at 8.)

In his motion for a temporary restraining order, plaintiff adds:

> Plaintiff states that he put in two 602 grievance appeals on 10-8-14 and 11-2-14 with no answer; how long should he have to wait. Plaintiff argues that the within injunction should be issued ordering the California Health Care Prison answer the grievance to do with this matter.

(ECF No. 13 at 5.)

Prison officials' handing of inmate grievances does not appear to lie within the scope of preliminary injunctive relief that the court may order. The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust administrative remedies before filing civil actions in federal court. 42 U.S.C. § 1997e(a). In other words, exhaustion of administrative remedies is a prerequisite to prisoner suits. Under Ninth Circuit precedent, "the PLRA requires only that a prisoner exhaust available remedies, and . . . a failure to exhaust a remedy that is effectively unavailable does not bar a claim from being heard in federal court." McBride v. Lopez, __ F.3d __, 2015 WL 3953483, at *2 (9th Cir. Jun. 30, 2015) (holding that "when a prisoner reasonably fears retaliation for filing a grievance, the administrative remedy is effectively rendered unavailable and the prisoner's failure to exhaust excused."). See also Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (holding that prison officials' erroneous reliance on a particular regulation and failure to provide the plaintiff with a copy of that regulation rendered administrative remedies effectively unavailable, thereby excusing plaintiff's failure to exhaust); Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) ("[I]mproper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA."). If defendants seek to terminate this action on the

9

grounds that plaintiff failed to exhaust administrative remedies prior to filing suit, they may bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, more likely, a motion for summary judgment under Rule 56. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). In response to such a motion, plaintiff will then be free to argue that prison officials, through their failure to respond, rendered administrative remedies effectively unavailable to him. Therefore, given the existence of an unavailability exception to the PLRA's exhaustion requirement, an order from this court requiring prison officials to respond to plaintiff's inmate grievances is not necessary in order to "preserv[e] the status quote [or to] prevent[] the irreparable loss of rights before judgment." Sierra On-Line, Inc., 739 F.2d at 1422.

V. Conclusion

For all of the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 15, 26) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for the appointment of counsel (ECF No. 14) is denied without prejudice.

4. Plaintiff's first amended complaint is dismissed without prejudice.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure

/////
/////
/////
/////

to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

      6. Plaintiff's motion for a temporary restraining order (ECF No. 13) is denied.

Dated:  July 23, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
perr0018.14am.dad