1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID PERRYMAN,                          No.  2:15-cv-0018 DB P

12              Plaintiff,

13        v.                                  <u>ORDER</u>

14   DUFFY, Warden, et al.,

15              Defendants.

16

17   **I.      Introduction**

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate

20   judge. ECF No. 11. No appearances have been made by any defendants.

21          Plaintiff initiated this action on January 5, 2015, and filed a first amended complaint on

22   February 11, 2015. On July 24, 2015, the then-assigned magistrate judge[1] screened the amended

23   complaint and dismissed it with leave to amend for failure to state a claim. ECF No. 27.

24          Plaintiff has since filed a second amended complaint. ECF No. 39. He has also filed

25   multiple motions, including a November 3, 2015, motion  to appoint guardian ad litem (ECF No.

26

27   _____

     [1] On November 6, 2015, this case was reassigned from then-Magistrate Judge Dale A. Drozd to
     Magistrate Judge Edmund F. Brennan. ECF No. 38. On August 2, 2016, this case was reassigned

28   to the undersigned. ECF No. 46.

36); a December 22, 2015, motion for temporary injunction and access to law library (ECF No. 40); two "motion[s] for injunction" filed on March 10, 2016 (ECF Nos. 41, 43); a March 10, 2016, motion for competency hearing (ECF No. 44); and lastly, a March 10, 2016, motion to amend (ECF No. 45).

## II.     Plaintiff's Competence

The Court turns first to plaintiff's November 3, 2015, motion to appoint guardian ad litem and his March 10, 2016, motion for competency hearing. In both of these motions, plaintiff contends he is incompetent to proceed in this action without representation by a guardian ad litem. He claims that he has suffered from schizophrenia since a young age and is in a psychiatric program, is prescribed psychiatric medication, and is under the care of a psychiatrist or psychologist. His symptoms include acute paranoia, hyperactivity, and visual hallucinations. In support of his motions, plaintiff includes several pages from his mental health records. See ECF No. 42.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem-or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005). In determining whether substantial evidence of incompetence is presented, the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history. Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile, Fed. R. Civ. P. 17(b)(1), here California state law. "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." Golden Gate Way, LLC v. Stewart, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

////

The Court accepts plaintiff's representations that he suffers from a serious mental illness for which he is being treated. Notwithstanding this mental illness, the Court observes that plaintiff's pleadings and motions in this case demonstrate an understanding of the nature and consequences of this action. They also reveal that he is able to present argument in a logical and clear manner, submit necessary factual and documentary in support of his motions, and cite to relevant legal authority. Accordingly, plaintiff's motion for a competency hearing and for appointment of a guardian ad litem will be denied at this time.

### III.      Temporary Restraining Order

Plaintiff has filed three motions seeking temporary restraining orders. In the December 22, 2015, "Request for Temporary Injunction – Law Library Access," plaintiff seeks an order directing unspecified individuals to provide him with Priority Legal User ("PLU") status so that he can access the law library for 4 hours per week instead of the 2 hours that are generally afforded inmates without an upcoming court deadline. In the March 10, 2016, "Request for Temporary Injunction Law Library," plaintiff again seeks an order to improve his library access throughout the pendency of this litigation. Finally, in the March 10, 2016, "Request for Temporary Injunction Pen Filler," plaintiff seeks an order to be provided with 2 pen fillers per week instead of 1 pen filler that is currently provided.

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id . at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

////

////

3

1    Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

2  must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102

3  (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454

4  U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no

5  power to hear the matter in question. <u>Id.</u> Thus, "[a] federal court may issue an injunction [only] if

6  it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may

7  not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States</u>

8  <u>Immigration and Naturalization Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1983); see Fed. R. Civ. P.

9  65(d) (listing persons bound by injunction).

10    The Court takes plaintiff's assertions seriously, but lacks jurisdiction to issue the relief

11  requested. As discussed <u>infra</u>, the second amended complaint fails to state a claim and will be

12  dismissed. As a result, there is no "actual case or controversy" before the Court. Plaintiff's

13  motions for temporary restraining orders will therefore be denied.

14  **IV.    Motion to Amend**

15    Turning to plaintiff's motion to amend, since he has amended once before, he must obtain

16  leave of court to amend again. Fed. R. Civ. P. 15(a).

17    "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so

18  requires.'" <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006)

19  (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the

20  amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue

21  delay in the litigation; or (4) is futile." <u>AmerisourceBergen Corp.</u>, 465 F.3d at 951. The "court's

22  discretion to deny leave to amend is particularly broad where the court has already given the

23  plaintiff an opportunity to amend his complaint." <u>Fidelity Financial Corp. v. Federal Home Loan</u>

24  <u>Bank of San Francisco</u>, 792 F.2d 1432, 1438 (9th Cir. 1986).

25    Under Local Rule 137(c), "If filing a document requires leave of court, such as an

26  amended complaint after the time to amend as a matter of course has expired, counsel shall attach

27  the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a

28  proposed order as required by these Rules." E.D. Cal. Local Rule 137(c).

4

Plaintiff seeks to amend his pleading because he is unsure of the status of this case in light of recent reassignments. Though Rule 15(a) embodies a liberal standard, the undersigned declines to grant plaintiff's motion solely on the ground that this case has been reassigned to a new judge. Furthermore, plaintiff has failed to provide a proposed amended pleading pursuant to Local Rule 137(c). Without a proposed amended complaint, the Court is unable to review plaintiff's claims and therefore cannot grant his motion. See Hicks v. Hamkar, 2015 WL 1393229, at *6 (E.D. Cal. 2015). For these reasons, the motion must be denied.

## V.      Screening of Second Amended Complaint

### A.      Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.      Pleading Standard

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

5

### C.      Plaintiff's Allegations

At all times relevant to this action, plaintiff was an inmate housed at California Health Care Facility ("CHCF") in Stockton, California. He names as defendants CHCF Warden B. Duffy and CHCF Head Librarian Doctor Cole. Both are sued in their individual and official capacities.

Plaintiff's allegations may be summarized as follows:

Between August 22, 2014, and September 30, 2015, while plaintiff was housed in the Mental Health Administrative Segregation Unit at CHCF, his ability to access the courts was hampered due to the inadequacy of the CHCF law library. Specifically, he alleges that the law library does not have (1) any books clarifying the rules related to federal habeas corpus petitions, thereby preventing him from filing such actions during this time period, and (2) any information on how to access the state civil courts, preventing him from filing state tort claims.

### D.      Discussion

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).

To assert a forward-looking access claim, as plaintiff does here, the non-frivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416. To state a claim, the plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. It is not enough for the plaintiff merely to conclude that the claim was non-frivolous. Instead, the complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-418.

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-

1    frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a

2    remedy that may be awarded as recompense but that is not otherwise available in a future suit.

3    Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-14,

4    overruled on other grounds, Hust v. Phillips, 555 U.S. 1150 (2009)).

5         "[T]he injury requirement is not satisfied by just any type of frustrated legal claim."

6    Lewis, 518 U.S. at 354. Inmates do not enjoy a constitutionally protected right "to transform

7    themselves into litigating engines capable of filing everything from shareholder derivative actions

8    to slip-and-fall claims." Id. at 355. Rather, the type of legal claim protected is limited to direct

9    criminal appeals, habeas petitions, and civil rights actions such as those brought under section

10   1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted).

11   "Impairment of any other litigating capacity is simply one of the incidental (and perfectly

12   constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

13        Under this legal framework, the Court concludes that the second amended complaint fails

14   to state a claim. Turning to plaintiff's claim that the inadequate law library prevented him from

15   filing state tort claims, plaintiff is informed that the First Amendment does not protect his right to

16   bring just any claim before any tribunal. Rather, the type of legal claim protected is limited to

17   direct criminal appeals, habeas petitions, and civil rights actions such as those brought under

18   section 1983 to vindicate basic constitutional rights. Lewis, 518 U.S. at 354. State tort claims fall

19   outside of this protection

20        As to plaintiff's allegation that his ability to file and, presumably, litigate a federal habeas

21   petition was frustrated by the inadequacy of the CHCF law library, this claim fails for several

22   reasons. First, plaintiff is required to identify the claims he intended to raise in a federal habeas

23   petition so that the Court may determine whether those claims were frivolous or arguable. He has

24   not done so. Furthermore, the First Amendment's right of access concerns only the filing of

25   actions, not their litigation following the initiation of a case. Any suggestion to the contrary,

26   including that the CHCF law library must include books or individuals to help inmates discover

27   potential claims, has been specifically discounted in Lewis. See 518 U.S. at 353 (disclaiming the

28   suggestion "that the State must enable the prisoner to *discover* grievances, and to *litigate*

*effectively* once in court.") (emphasis in original). Finally, plaintiff's previous federal habeas petitions both demonstrate his familiarity with filing such actions and undermine his claim that he could not file a federal petition between August 22, 2014, and September 30, 2015. See Perryman v. Duffy, Case No. 4:15-cv-3879-YGR (N.D. Cal), filed August 25, 2015; Perryman v. Valensuela, Case No. 4:13-cv-0311-YGR (N.D. Cal.).

The Court must now determine whether to allow plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff was previously informed that his general complaint about the inadequacy of the CHCF law library, rather than specific harms he has suffered due to the alleged inadequacies, are an insufficient basis for an access to the courts claim under § 1983. Lewis, 518 U.S. at 351 ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.") Plaintiff's failure to allege any new facts or circumstances suggests his inability to do so despite the identification of the deficiencies in his previous pleading and the Court's citation to the relevant legal standards necessary to properly allege a First Amendment access to court claim. Accordingly, the Court finds that leave to amend would be futile.

**VI.    Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 3, 2015, motion to appoint guardian ad litem (ECF No. 36) is DENIED;

2.  Plaintiff's December 22, 2015, motion for temporary injunction and access to law library (ECF No. 40) is DENIED;

3.  Plaintiff's March 10, 2016, "motion for injunction – law library" (ECF No. 41) is DENIED;

4.  Plaintiff's March 10, 2016, "motion for injunction – pen filler" (ECF No. 43) is DENIED;

5.  Plaintiff's March 10, 2016, motion for competency hearing (ECF No. 44) is DENIED;

6.  Plaintiff's March 10, 2016, motion to amend (ECF No. 45) is DENIED;

7.  Plaintiff's second amended complaint (ECF No. 39) is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim; and

////

////

////

////

////

8.   The Clerk of Court is directed to close this case.

Dated:  October 3, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;perr0018.o